574 A.2d 716

**COMMONWEALTH of Pennsylvania**

v.

**Blaine David KARENBAUER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 1990.

Filed May 7, 1990.

Donald D. Doerr, Jr., Butler, for appellant.

Robert F. Hawk, Asst. Dist. Atty., Butler, for Com.

Before TAMILIA, HOFFMAN and CERCONE, JJ.

TAMILIA, Judge:

This is an appeal from the judgment of sentence imposed March 9, 1989 following appellant's conviction of homicide by vehicle—DUI related,[1] homicide by vehicle,[2] driving under the influence,[3] limitations on backing[4] and involuntary manslaughter.[5] The trial court sentenced him to serve 42 to 84 months in prison and pay a $1,325 fine plus the costs of prosecution. Appellant filed post-trial motions in the nature of motions in arrest of judgment and for a new trial, which were denied. This appeal followed.

On the evening of June 24, 1988, appellant got into his car to drive to a neighborhood store. While backing out of his driveway on to an access alleyway, appellant's car struck Jesse and Jeremy Moran, who were playing on the embankment along the access alley. Jeremy Moran died from the injuries he sustained. Appellant claims the accident occurred because of faulty brakes. However approximately two hours after the accident, appellant's blood alcohol level was in excess of .20 per cent.

1. 75 Pa.C.S.A. § 3735(a).
2. 75 Pa.C.S.A. § 3732.
3. 75 Pa.C.S.A. § 3731.
4. 75 Pa.C.S.A. § 3702(a).
5. 18 Pa.C.S.A. § 2504(a).

 Appellant contends the evidence was insufficient to establish guilt beyond a reasonable doubt because the Commonwealth failed to establish an essential element of DUI—namely that the offense occurred on a public traffic-way or highway. The test for sufficiency of the evidence in a criminal case is whether the evidence is sufficient to prove every element of a crime beyond a reasonable doubt. *Commonwealth v. Hughes,* 521 Pa. 423, 429, 555 A.2d 1264, 1267 (1989). In making this determination, this Court must view the evidence in the light most favorable to the Commonwealth as the verdict winner and accept as true all evidence and reasonable inferences therefrom, upon which if believed, the fact finder properly could have based its verdict. *Id.* The Commonwealth need only demonstrate that the circumstances are consistent with criminal activity. *Commonwealth v. Favinger,* 358 Pa.Super. 245, 250, 516 A.2d 1386, 1389 (1986). Before a new trial may be awarded on the basis of the verdict being against the weight of the evidence, it must appear from the record that the verdict was so contrary to the evidence as to shock one's sense of justice and to make an award of a new trial imperative. *Commonwealth v. Hennemuth,* 294 Pa.Super. 360, 439 A.2d 1241 (1982).

 In order to be sufficient, the evidence produced by the Commonwealth must show that the drive on which the accident occurred was either a highway or trafficway. *Commonwealth v. McFadden,* 377 Pa.Super. 454, 457, 547 A.2d 774, 775 (1988).[6]

 Section 3101 of the Motor Vehicle Code provides:
§ 3101. **Application of part**
(a) **General rule.**—Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles

---

**6.** *McFadden* involved the issue of a private drive in a trailer court and, therefore, is distinguishable from this case in that here there is no question that the alleyway is open to the public as a matter of right or custom. *See Commonwealth v. Wilson,* 381 Pa.Super. 253, 553 A.2d 452 (1989), which holds *McFadden* lacks precedential value.

upon highways except where a different place is specifically referred to in a particular provision.

**(b) Serious traffic offenses.**—The provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses) shall apply upon highways and trafficways throughout this Commonwealth.

75 Pa.C.S.A. § 3101. Highways and trafficways are defined under section 102 as:

### § 102. Definitions

**"Highway."** The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.

**"Trafficway."** The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S.A. § 102. We believe the evidence establishes without question the accident occurred in a place open to the public for purposes of vehicular travel as a matter of right or custom. The record shows the Commonwealth referred to the road in question as a trafficway when questioning the witnesses—including appellant (T.T., 9/29/88, pp. 150–153), and appellant's son testified the road in question was a "back road" leading to the post office (T.T. at pp. 135, 137–138). As the road in question not only accessed the three residences but also led to a government building, the post office, we find the road was open to the public. Moreover, we note that the jury viewed the site of the accident and still found appellant guilty under the Motor Vehicle Code. Photographs and a chart placed in evidence leave us without a doubt as to the correctness of their finding. This being so, we conclude the evidence,

viewed in the light most favorable to the Commonwealth, supports the conviction.

Appellant also suggests the verdict is contrary to the evidence because the Commonwealth did not show appellant followed an unsafe procedure in backing his vehicle. To the contrary, the testimony at trial reveals appellant knew the brakes were faulty and still drove the car (T.T., 9/29/88, p. 144), had been drinking from 12 noon until at least 5:30 p.m. before driving (T.T. at pp. 148–149, 155) and failed to see the children despite having a clear view (T.T. at pp. 152–153). We believe this is amply sufficient to show appellant acted in an unsafe manner and to support appellant's conviction.

As such, we affirm the judgment of sentence imposed by the trial court.

Judgment of sentence affirmed.