668 A.2d 1163

COMMONWEALTH of Pennsylvania

v.

George Patterson CAMERON, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 16, 1995.

Filed Dec. 22, 1995.

Timothy L. Clawges, Assistant Public Defender, Carlisle, for appellant.

Alison Taylor, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before CAVANAUGH, DEL SOLE and SAYLOR, JJ.

DEL SOLE, Judge:

Appellant was sentenced following his conviction for driving under the influence, 75 Pa.C.S.A. § 3731(a)(4). The incident leading to his arrest occurred in the parking lot of an apartment building in which he was a tenant. The lot was posted as restricted for tenants only, each had an assigned parking place, and there was only one entrance. Appellant raises a single issue, namely, the nature of this parking lot does not meet the statutory definition of a "Trafficway" to satisfy the requirements of 75 Pa.C.S.A. §§ 102 & 3101. We disagree and affirm.

■ Appellant relies on *Commonwealth v. Owen*, 397 Pa.Super. 507, 580 A.2d 412 (1990) suggesting that this parking lot does not satisfy the public use requirement of Section 102. However, Appellant misinterprets *Owen*. There, this court affirmed a trial court's dismissal of DUI charges following a hearing on a writ of habeas corpus where the defendant was arrested for operating his vehicle in a university parking lot. The Majority concluded that the Commonwealth present-

ed "*no* competent evidence concerning the nature of the parking lot where appellee was stopped by the police." *Id.* at 511, 580 A.2d at 414. This case does not stand for the proposition that a parking lot cannot satisfy the Section 102 "Trafficway" definition. As we held in *Commonwealth v. Wilson*, 381 Pa.Super. 253, 553 A.2d 452 (1989), a parking lot used by the "public" even if signs seek to limit its use, satisfies Section 102.

Here the testimony described the parking lot as adjacent to an eleven story apartment building. While there was testimony that guests of tenants and occasional third persons would use the lot, the requirement of "public use" embodied in Section 102 does not exclude the finding of a violation of the DUI and related serious traffic offenses statutes where access of a lot is strictly limited to tenants of adjoining buildings. We conclude that tenants, employees, and others who have the advantage of a restricted parking facility still deserve and expect to be protected from incidents involving serious traffic offenses. Thus, the public use component of Section 102 can be satisfied even where access to a parking lot is restricted, but where there are a sufficient number of users, such as presented in the matter before us involving a parking lot located adjacent to an eleven story apartment building.

Appellant also suggests that a recent amendment to the Vehicle Code, 75 Pa.C.S.A. § 3701.1(a.1), evidences legislative understanding that a parking lot is not a "trafficway." Section 3701.1(a.1) defines trafficway as including parking lots, for purposes of this provision prohibiting the leaving of children under the age of six in unattended vehicles. However, we conclude that the legislative purpose in including a parking lot as a trafficway for purposes of Section 3701 was not to suggest that a parking lot could not be a "trafficway" under Section 102, but rather to include in the statute's prohibition the leaving of a young child in an unattended vehicle at all locations.

Therefore, we hold that the public use component of Section 102 can be satisfied in a restricted parking lot situation if the jury concludes that a sufficient number of lot users are present. The evidence was sufficient to support the jury determination.

Judgment of sentence affirmed, jurisdiction relinquished.