**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**William ZABIEROWSKY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 8, 1999.
Filed April 28, 1999.

Vincent C. Murovich, Jr., Pittsburgh, for appellant.

Karen Edwards, Asst. Dist. Atty., Pittsburgh, for Commonwealth, appellee.

William A. Kuhar, Jr., Pittsburgh, for Commonwealth of Pennsylvania, Dept. of Transp., participating party.

Before HUDOCK, SCHILLER, JJ., and CIRILLO, President Judge Emeritus.

CIRILLO, President Judge Emeritus:

¶ 1 William Zabierowsky appeals from a judgment of sentence entered in the Court of Common Pleas of Allegheny County following his conviction for driving under the influence of alcohol (DUI). We affirm.

¶ 2 Zabierowsky's arrest and subsequent conviction for DUI stemmed from events transpiring at the Third Avenue Parking Garage in downtown Pittsburgh. The five-story garage, which is open to the public on a daily basis, allows parking in exchange for a fee. Access to the parking spaces is obtained by removing a ticket from a dispenser, thereby causing the entrance gate to elevate. Payment is made upon exiting the garage. According to its manager, Larry Kellmeyer, the parking facility contains 765 parking spaces, 565 of which are available to the general public, with the remaining 200 spots rented by virtue of a lease arrangement.[1]

¶ 3 On a September evening in 1997, John Torkos, a parking lot attendant at the garage, observed Zabierowsky driving his vehicle down an "up" ramp and attempting to exit the parking lot through the entrance gates. Zabierowsky began yelling at Torkos and waving money at him, at which point Torkos told Zabierowsky to make his way to the exit gate. Zabierowsky refused. It appeared to Torkos that Zabierowsky was intoxicated. Officer Kenneth Sowinski of the City of Pittsburgh Police Department was notified and arrived on the scene. Ordered by Officer Sowinski to exit his vehicle, Zabierowsky did so with great difficulty and had to be assisted; additionally, his eyes were glassy and his speech was "very mumbled" and "mush-mouth[ed]." It was Officer Sowinski's opinion that Zabierowsky was "very intoxicated" and incapable of safe driving. Zabierowsky refused to submit to an intoxilyzer test.

¶ 4 Zabierowsky was arrested and charged with driving under the influence of alcohol under 75 Pa.C.S.A. § 3731(a)(1).[2] The trial court denied Zabierowsky's pretrial motions for writ of *habeas corpus* and suppression of evidence. Following a jury trial before the Honorable Raymond A. Novak, Zabierowsky was found guilty of DUI. This appeal followed.

¶ 5 Zabierowsky raises one issue for our consideration:

> Whether the interior of a five-story, off-street parking garage that rents parking space to the public is a trafficway [as defined by 75 Pa.C.S.A. § 102] for the purposes of proving a *prima facie* case and supporting a conviction of driving under the influence of alcohol?

¶ 6 In asserting that the Commonwealth has not established a critical element of its case (i.e., that appellant's offense occurred upon a trafficway), Zabierowsky is basing his challenge on the sufficiency of the evidence. In evaluating such a claim, we must determine whether, viewing the evidence in the light most

---

1. Those customers with a lease agreement access the garage via a pass-key.

2. This section provides: "A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances: (1) while under the influence of alcohol to a degree which renders the person incapable of safe driving[.]"

favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt. *Commonwealth v. Jarman*, 529 Pa. 92, 94–95, 601 A.2d 1229, 1230 (1992); *Commonwealth v. Swann*, 431 Pa.Super. 125, 635 A.2d 1103 (1994).

¶ 7 Section 3101 of the Vehicle Code states that: "The provisions of Subchapter B of Chapter 37 (relating to serious traffic offenses) shall apply upon highways and trafficways throughout this Commonwealth." 75 Pa.C.S. § 3101(b) (footnote omitted). Thus, an essential element of an offense under section 3731 of the Vehicle Code (included in Chapter 37, Subchapter B) is that a vehicle be operated on a highway[3] or trafficway while the operator is under the influence of alcohol. *Commonwealth v. Cozzone*, 406 Pa.Super. 42, 593 A.2d 860 (1991); *Commonwealth v. Karenbauer*, 393 Pa.Super. 491, 574 A.2d 716 (1990). A trafficway is defined as: "The entire width between property lines or other boundary lines of every way **or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.**" 75 Pa.C.S. § 102 (emphasis added).

¶ 8 Zabierowsky argues that the parking garage cannot be categorized as a "trafficway" because, although the public has access to it, users of the facility are limited to those who are willing to accept a conditional rental arrangement and to pay for its use; he claims that this "unique arrangement" removes the garage from the concept that it is open to the public as a matter of right or custom. On several occasions, this court has been asked to define the ambit of a trafficway for purposes of serious traffic offenses under 75 Pa.C.S.A. § 3101. A review of those cases, most of which focus on the question of whether a parking lot satisfies the trafficway element, reveals that Zabierowsky has failed in his attempt to differentiate the public parking garage from a trafficway.

¶ 9 In *Commonwealth v. Cameron*, 447 Pa.Super. 233, 668 A.2d 1163 (1995), appellant was convicted of DUI after being arrested in the parking lot of an apartment building in which he was a tenant. The lot was posted as restricted for tenants only, each had an assigned parking place, and there was only one entrance. *Id.* at 1164. In rejecting appellant's claim that the lot did not meet the statutory definition of a trafficway pursuant to 75 Pa.C.S.A. §§ 102 & 3101, this court concluded that even though there were signs posted restricting its use, the parking lot satisfied Section 102. Specifically, we stated:

> While there was testimony that guests of tenants and occasional third persons would use the lot, the requirement of "public use" embodied in Section 102 does not exclude the finding of a violation of DUI and related serious traffic offenses statutes where access of a lot is strictly limited to tenants of adjoining buildings. **We conclude that tenants, employees, and others who have the advantage of a restricted parking facility still deserve and expect to be protected from incidents involving serious traffic offenses. Thus, the public use component of Section 102 can be satisfied even where access to a parking lot is restricted, but where there are a sufficient number of users,** such as presented in the matter before us involving a parking lot located adjacent to an eleven story apartment building.

\* \* \*

¶ 10 **Therefore, we hold that the public use component of Section 102 can be**

---

**3.** We need not define "highway" for purposes of the instant case; the term is inapplicable here.

**satisfied in a restricted parking lot situation[.]**

*Id.* (emphasis added). Our decision in *Cameron* followed the reasoning we espoused in the earlier case of *Commonwealth v. Wilson*, 381 Pa.Super. 253, 553 A.2d 452 (1989). There, appellant was arrested for DUI while in the parking lot of the Elks Club; the lot was marked with a sign designating the lot "private." Finding that the legislature intended parking lots to be included within the definition of trafficways, we emphasized:

> It would raise form to towering levels above substance if parking lots, in which vehicular traffic is encouraged and occurs, sometimes at high rates of speed, were to become "DWI-free zones," in which drunk driving is tolerated from entrance to exit. Such a construction would seriously undermine the effectiveness of any drunk driving prohibitions.

*Id.* at 454. *See Commonwealth Dept. of Transportation v. Bendik*, 112 Pa.Commw. 591, 535 A.2d 1249 (1988) (purpose of Section 3101 is to afford protection to public from serious traffic offenses even though such offenses did not occur on highways). Accordingly, we concluded that the Elks Club parking lot was "open to the public by custom even though the lot was marked private by a sign." *Wilson,* 553 A.2d at 454. "Even if restricted by signs, if a parking lot is used by members of the public, it is a trafficway for purposes of 75 Pa.C.S.A. § 3101." *Id.*

¶ 11 Public parking areas with very few or no restrictions have also been designated as trafficways under Section 3101. *See Commonwealth v. Proctor*, 425 Pa.Super. 527, 625 A.2d 1221 (1993) (evidence established that appellant drove in the parking lot of a mall that was open to the public for shopping; thus, sufficient evidence existed for jury to conclude that the parking area was a trafficway for purposes of a DUI conviction); *Cozzone, supra,* (unrestricted parking area of a condominium complex generally open to public held to be a trafficway under the Vehicle Code).

*See also Commonwealth v. Baughman*, 357 Pa.Super. 535, 516 A.2d 390 (1986) (one lane, dead-end, dirt road located on private property deemed a trafficway where evidence revealed it had been used by intermittent vehicular traffic). *Cf. Commonwealth v. Owen*, 397 Pa.Super. 507, 580 A.2d 412 (1990) (DUI charge properly dismissed where Commonwealth failed to offer any evidence that parking lot was a trafficway); *Commonwealth v. McFadden*, 377 Pa.Super. 454, 547 A.2d 774 (1988) (plurality opinion) (evidence did not establish that private, dead-end road in a trailer court was customarily open to traffic; thus, road did not meet definition of trafficway for purposes of DUI conviction). During the course of Zabierowsky's trial, the Commonwealth offered evidence that the Third Avenue Parking Garage was designated for public parking, was open daily for that purpose, and included 565 spaces available to the public for a fee. We disagree with Zabierowsky's assertion that the fee arrangement constitutes the type of limitation that would serve to remove the garage from the definition of trafficway under Section 102. Our case law dictates otherwise. While it is arguably a restriction of sorts to require that garage entry is gained by securing a ticket, and exit from the facility is conditioned upon compensation, such limitations do not alter the fact that the parking area was open to the public. *See Cameron, supra ; Wilson, supra.* The public use aspect of Section 102 has undoubtedly been satisfied. *Cameron, supra.* While the parking area at issue represents a slightly different variation from other parking facilities examined in the past, the difference is insignificant. Moreover, in contrast to our prior decisions involving parking areas expressly designated as "private" or for "tenants only," *Cameron, supra ; Wilson, supra,* here, there were no *marked* restrictions on who would be permitted to gain entry to the facility. *See Cozzone, supra.* We would indeed be raising form over substance were we to declare a public

parking garage exempt from the definition of trafficway under Section 102; such a finding would profoundly weaken the effectiveness of our DUI statutes. *Wilson, supra.* Certainly those utilizing such a parking facility deserve and expect protection from incidents involving serious traffic offenses. *Cameron, supra.*

¶ 12 The cases cited by Zabierowsky in support of his position are unavailing. Specifically, *Owen, supra,* and *McFadden, supra,* are easily distinguished from the circumstances herein. In *Owen,* Zabierowsky correctly points out that the Commonwealth failed to meet its burden of proof that the defendant, who was stopped for DUI in a parking lot, was operating his vehicle on a trafficway. What Zabierowsky neglects to mention is that the trial court in *Owen* was presented with **no** competent evidence concerning the nature of the parking lot where defendant was stopped; no proof was offered as to when or to whom the lot was opened. Elaborating on this fact, this court stated:

> We should emphasize the limited nature of our holding. We are aware that prior decisions in this Commonwealth have held that a parking lot may be considered a trafficway for purposes of the Motor Vehicle Code. In all of these cases, however, there was a finding that the lot in question was open to the public.... In the case at bar, by contrast, there simply is *no* record evidence to support such a finding.

*Id.* at 415 n. 5 (citations omitted). By contrast, the record in the instant case is replete with references to the public nature of the Third Avenue Parking Garage.

¶ 13 Zabierowsky's reliance on *McFadden* is equally unavailing. There, we found that the Commonwealth failed to adduce any evidence upon which the jury could have based a conclusion that the road in question, a dead-end, private drive in a trailer court, was customarily open to vehicular traffic. *Id.* at 776. Aside from pointing out our court's finding that random drivers on the private road did not create the requisite customary public use to deem the road a trafficway under Section 102, Zabierowsky cites no correlation between *McFadden* and the instant case. The facts here are markedly different; moreover, *McFadden* is a plurality decision and, therefore, is not binding. *See In re O.A.,* 552 Pa. 666, 670 n. 4, 717 A.2d 490, 492 n. 4 (1998) (legal conclusions and/or reasoning employed by a plurality do not constitute binding authority).

 ¶ 14 Viewing the evidence in the light most favorable to the Commonwealth, we find that the parking garage was plainly shown to constitute a trafficway for purposes of Section 102 of the Vehicle Code; the evidence was sufficient to support appellant's DUI conviction. *Jarman, supra* ; *Swann, supra.*

¶ 15 Judgment of sentence affirmed.