J-S56036-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HARRY EUGENE HELMAN, JR., | |
| Appellant | No. 345 MDA 2015 |

Appeal from the Judgment of Sentence January 21, 2015
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0001008-2014

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED OCTOBER 22, 2015**

Appellant, Harry Eugene Helman, Jr., appeals from the judgment of sentence imposed following his bench conviction of driving under the influence (DUI)-general impairment, 75 Pa.C.S.A. § 3802(a)(1). Specifically, he challenges the sufficiency of the evidence.  We affirm.

We take the following facts from the trial court's March 26, 2015 opinion and our independent review of the record.  On the evening of April 11, 2014, Corporal Lloyd Perkins of the Washington Township Police Department responded to a call from a mobile home park resident about a single vehicle crash at 12222 Polktown Road, in the area of Lot twenty-five. He found an unattended truck stuck in the embankment, just off the paved

_____

[*] Retired Senior Judge assigned to the Superior Court.

road that runs through the mobile home park. After determining that the truck belonged to Appellant, Corporal Perkins went to his home at lot forty-one, but there was no answer at the door. (*See* N.T. Trial, 10/23/14, at 19). Eventually, Corporal Perkins found Appellant hiding nearby in a briar patch down an embankment between lots twenty-five and twenty-six. (*See id.* at 19-20). When the officer asked him what happened with the truck, he responded, "I don't know . . . I lost control." (*Id.* at 20). Appellant later told Corporal Perkins that he actually had not been driving, but he would not provide the name of the alleged driver, or complete a written statement. (*See id.* at 20, 31).[1]

The Commonwealth filed an information on June 27, 2014, charging Appellant with DUI-general impairment. The one-day non-jury trial occurred on October 23, 2014.

At trial, Corporal Perkins and Appellant's neighbor, Travis Hutchinson, testified on behalf of the Commonwealth. Appellant and his nephew, Nathan Stroman, testified on behalf of Appellant.

_____

[1] Corporal Perkins arrested Appellant for DUI on the bases that his eyes were glassy, his breath smelled of alcohol, he admitted he had been drinking alcohol, and he failed the field sobriety tests. (*See* N.T. Trial, 10/23/14, at 21-23, 30). When Appellant was transported to Waynesboro Hospital, he refused to submit to chemical testing or sign a form that he had been informed about the consequences of failing to do so. (*See id.* at 30-31). Appellant does not allege that he was not drinking on the night in question. (*See* Appellant's Brief, at 10-16).

Mr. Hutchinson testified that, on the night in question, he saw a truck hanging from a hill near his house in the mobile home park. (*See id.* at 5-6). The truck's tail lights were on, the wheels were spinning, and the engine was revving. (*See id.* at 7). When Appellant got out of the driver's seat and asked for assistance, Mr. Hutchinson noticed that he smelled of alcohol. (*See id.* at 8-10). He did not see anyone other than Appellant and their neighbor, Jen Bair, in the area of the truck. (*See id.* at 7). On cross-examination, Mr. Hutchinson confirmed that he saw the truck on the grassy hill with spinning tires, but did not see how it came to be off of the pavement. (*See id.* at 12).

Mr. Stroman and Appellant both testified that, on the subject night, Mr. Stroman offered to drive Appellant home from his sister's house in St. Thomas, Pennsylvania, because he had been drinking a lot. (*See id.* at 40-41, 52). They stated that the truck ended up on the embankment when Mr. Stroman turned quickly. (*See id.* at 41, 42, 44, 56). Mr. Stroman then left his uncle at the truck, and got a ride home from a friend. (*See id.* at 44-45). Appellant stated that he hid in the weeds when he saw Corporal Perkins arrive because he was afraid of being arrested for public intoxication. (*See id.* at 53, 55). Although Appellant mentioned his nephew at the police station, he did not give the police Mr. Stroman's name as the person who had been driving the truck when the accident occurred. (*See id.* at 55). Also, Mr. Stroman did not go to the police or the District Attorney, because

he was concerned he would get in trouble for driving without a license. (***See id.*** at 45-46).

In addition to testifying about the night in question, Corporal Perkins stated that, when he returned to the scene of the incident the next day to complete his accident investigation, he noted striation marks on the pavement that appeared to be the result of a rapid right hand turn and vehicle acceleration. (***See id.*** at 25, 27). Photographs that he took of the scene showed numerous residences and several vehicles parked adjacent to the road. (***See*** Commonwealth Exhibits, 8, 11, 12).

At the conclusion of trial, the court found the testimony of Appellant and Mr. Stroman incredible, and convicted Appellant of DUI-general impairment. On January 21, 2015, the court sentenced Appellant to not less than thirty days nor more than six months' incarceration. It granted Appellant bail pending appeal.

Appellant filed a timely notice of appeal on February 20, 2015. On February 23, 2015, the court ordered him to file a Rule 1925(b) statement, which he did on March 9, 2015. ***See*** Pa.R.A.P. 1925(b). The court filed an opinion on March 26, 2015. ***See*** Pa.R.A.P. 1925(a).

Appellant raises one issue for this Court's review:

Was the [t]rial [c]ourt's verdict supported by sufficient evidence to convict the Appellant of Driving Under the Influence where the only witness who saw Appellant behind the wheel of a vehicle was a lay witness who [saw] Appellant trying to get the vehicle unstuck from an area that was not either a "highway or trafficway" as those terms are defined in the vehicle code[?]

- 4 -

(Appellant's Brief, at 7). Specifically, Appellant maintains "there was insufficient evidence that he 'drove, operated, or was actual physical control of the movement of a motor vehicle' on either a highway or trafficway." (*Id.* at 10; *see id.* at 15-16). Appellant's issue is waived and lacks merit.

"It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a)." *Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012), *appeal denied*, 69 A.3d 601 (Pa. 2013) (case citation omitted). Here, although Appellant provides citations to the Vehicle Code and to boilerplate law for our standard of review, he only provides one citation, *Commonwealth v. McFadden*, 547 A.2d 774 (Pa. Super. 1988), in support of his argument that the evidence was insufficient to support his conviction. (*See* Appellant's Brief, at 11-16).

However, "*McFadden* is a plurality decision and, therefore, is not binding." *Commonwealth v. Zabierowsky*, 730 A.2d 987, 991 (Pa. Super. 1999) (citation omitted); *see also Commonwealth v. Wilson*, 553 A.2d 452, 454 (Pa. Super. 1989), *appeal denied*, 562 A.2d 826 (Pa. 1989) ("*McFadden* is a plurality opinion with one judge concurring in the result and one judge dissenting. It's interpretation of [75 Pa.C.S.A.] § 3101 has no precedential value in this Commonwealth."). Therefore, Appellant has failed to provide pertinent argument, and this issue is waived. *See Knox*, *supra* at 748. Moreover, Appellant's claim would not merit relief.

Our standard of review of sufficiency of the evidence challenges is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (citations omitted).

The trial court convicted Appellant of DUI-general impairment. The Vehicle Code provides, in pertinent part, that: "An individual may not drive, operate or be in actual physical control of the movement of a vehicle after

- 6 -

imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S.A. § 3802(a)(1). The prohibition applies "upon highways and trafficways throughout this Commonwealth." 75 Pa.C.S.A. § 3101(b). A highway is: "The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. . . ." 75 Pa.C.S.A. § 102. A trafficway is defined as: "The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom." *Id.*

In this case, Appellant argues that the evidence was insufficient to support his conviction because, "[e]ven viewing [it in] the light most favorable to the Commonwealth, there was not one witness who testified that they saw Appellant drive on either a highway or trafficway." (Appellant's Brief, at 15). This argument would lack merit.

We first observe that "the suspect location of an automobile supports an inference that it was driven[.]" *Commonwealth v. Woodruff*, 668 A.2d 1158, 1161 (Pa. Super. 1995) (citation omitted). Therefore, Appellant's allegation that the Commonwealth failed to establish that he "'drove, operated, or was in actual physical control of the movement of a motor vehicle' on either a highway or trafficway[,"] because his truck was only

seen "off the road, down an embankment[,]" lacks merit. (Appellant's Brief, at 10); *see also Woodruff*, *supra* at 1161.

Second, we find any attempted argument that the Commonwealth failed to establish the elements of DUI because the trailer park road is not a traifficway or roadway to be contradicted by relevant Pennsylvania caselaw. (*See id.* at 10-16).

For example, in *Commonwealth v. Cameron*, 668 A.2d 1163 (Pa. Super. 1995), this Court concluded that a person on a private parking lot could be liable for DUI because:

> [T]enants, employees, and others who have the advantage of a restricted parking facility still deserve and expect to be protected from incidents involving serious traffic offenses. Thus, the public use component of Section 102 can be satisfied even where access to a parking lot is restricted, but where there are a sufficient number of users[.]

*Cameron*, *supra* at 1164; *see also Zabierowsky*, *supra* at 991 (finding that public parking garage allowing parking through taking of ticket upon entrance and payment of fee upon exit was trafficway, for purposes of DUI statute); *Commonwealth v. Karenbauer*, 574 A.2d 716, 718 (Pa. Super. 1990) (finding alleyway that accessed three residences and led to government building was highway or trafficway for DUI purposes); *Wilson*, *supra* at 454 (parking lot of club was trafficway for purposes of DUI statute); *Commonwealth v. Baughman*, 516 A.2d 390, 391 (Pa. Super. 1986), *appeal denied*, 527 A.2d 534 (Pa. 1987) (concluding dirt track with no signs or barriers prohibiting access was trafficway).

Here, our review of the record does not reveal that the trailer park road was restricted in any way. Also, testimony established that there were several residential lots, there were other trailer park residents identified, and Corporal Perkins found Appellant, who lived in lot forty-one, hiding in a briar patch between lots twenty-five and twenty-six, thus further evidencing the existence of several residences. (*See* N.T. Trial, 10/23/14, at 17, 19-20). Indeed, photographs of the crash scene show numerous homes and several vehicles parked adjacent to the trailer park road. (*See* Commonwealth's Exhibits 8, 11, 12). Based on the foregoing, we conclude that the Commonwealth established that the trailer park road was a trafficway for purposes of section 102. *See Zabierowsky*, *supra* at 991; *Cameron*, *supra* at 1164; *Karenbauer*, *supra* at 718; *Wilson*, *supra* at 454; *Baughman*, *supra* at 391.

Accordingly, viewing the evidence in the light most favorable to the Commonwealth, we conclude that it was sufficient to support a conviction of DUI-general impairment. *See Harden*, *supra* at 111. Appellant's issue, even if not waived, would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2015

- 9 -