J-S24043-16

2016 PA Super 72

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| ALISON LEES | |
| Appellee | No. 1625 MDA 2015 |

Appeal from the Order Entered August 25, 2015
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000036-2015

BEFORE:  GANTMAN, P.J., BOWES, J., and MUSMANNO, J.

OPINION BY GANTMAN, P.J.:                    **FILED MARCH 24, 2016**

Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Montour County Court of Common Pleas, which granted the petition for *habeas corpus* relief filed on behalf of Appellee, Alison Lees.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this appeal are as follows. On August 15, 2014, Appellee was charged with two counts of driving under the influence of alcohol ("DUI"), reckless driving, and careless driving.[1] Appellee filed an omnibus pretrial motion on May 26, 2015, for *habeas corpus* relief, suppression of evidence, and a motion in *limine* regarding potential trial testimony.  The trial court held a pre-trial hearing on July 6,

---

[1] 75 Pa.C.S.A. §§ 3802(a)(1); 3802(c); 3736(a); 3714(a), respectively.

2015. The trial court's opinion continues:

The evidence adduced at the hearing began with testimony by Tiffany Mowrer that, on August 15, 2014, around 3:00-3:30 p.m., she heard a loud bang and saw [Appellee] get out of a vehicle which had just struck a green electrical box in a grassy area adjacent to the parking spaces of Montgomery Village. Ms. Mowrer testified that the parking lot in general was open to the public, and that the sign upon entry from Bloom Road states "Private Property." Further, an alternate entry point from Woodbine Land is obstructed with a chain on which is hung a sign [that] states "No Trespassing." The area between the demarcated parking space from which [Appellee] had emerged and the green electrical box is planted with grass. Ms. Mowrer's [cousin] Tony Mowrer confirmed that he, too, had seen [Appellee's] vehicle strike the green electrical box. Mr. Mowrer testified that the U.S. Postal Service and UPS regularly traverse the parking lot in general, but Mr. Mowrer also confirmed that a sign at the entrance to the parking lot in general which serves both Evergreen Point and Montgomery Village states that the parking lot is "Private Property." Mr. Mowrer confirmed that [Appellee] had been parked in a parking space marked with a number on a portable concrete curb, that she proceeded forward over the concrete curb marked with the number, into the grass and into the green electrical box, and that [Appellee] did not drive anywhere else. There was absolutely no evidence that [Appellee] had been in actual physical control of a vehicle in the parking lot in general.

It was stipulated that [Appellee's] blood alcohol content was 0.189% at 4:47 p.m. on August 15, 2014. It was also stipulated that the grassy area between the curb and the green electrical box is not a "highway" or "trafficway." Finally, the parties stipulated that [Appellee] did not operate her vehicle anywhere except in her parking space and the grassy area into which she drove.

Officer Matthew Gerst testified that he was dispatched to the scene on August 15, 2014, at 3:35 p.m. He proceeded through the joint access into the complex shared by Evergreen Point and Montgomery Village. Officer Gerst confirmed that the curbs in Montgomery Village are

marked with the unit numbers to which the respective parking spaces are assigned. Officer Gerst did state that, when he parked his vehicle at the scene, he parked in a numbered space, but this fact is discounted in weight due to the fact that a reasonable person would be hesitant to tell a police officer to move his vehicle while he is dealing with an incident, a fact admitted by the officer on cross-examination. Officer Gerst stated that the curb in front of [Appellee's] vehicle was marked with an "11," and that [Appellee's] address in Montgomery Village is "11." The officer testified that he assumed that the space was [Appellee's] parking space.

The hearing resumed on August 3, 2015, with the stipulated admission into evidence of several documents including [Appellee's] deed dated March 22, 2011 which stated that [Appellee's] title was subject to the Montgomery Village Declarations of covenants, conditions and restrictions (the "Declarations"). Also admitted by stipulation was Ex. C-4, the Declarations. Article IV, Section 2 states that the purpose of assessments are to promote the recreation, health, safety and welfare of the residents and for the improvement and maintenance of the Common Area and of private streets, curbs, and other maintenance expenses. The Declarations were also admitted as D-1, which also contains "Proposed Amendments…" to the Declarations (the "Amendments") and a map which were not included in Ex. C-4. The [Proposed] Amendments, at p. 2, Article VII, Section 1, states that one parking space is reserved for each Lot Owner "for the use of that particular Lot Owner." Section 2 states that vehicles improperly parked "will be towed…."

(Trial Court Opinion, filed August 25, 2015, at 1-4).

On August 25, 2015, the court granted Appellee *habeas corpus* relief and dismissed all charges against her. The Commonwealth timely filed a notice of appeal on September 21, 2015. On September 30, 2015, the court ordered the Commonwealth to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the Commonwealth timely

complied.

The Commonwealth raises one issue for our review:

> WHETHER A PARKING SPACE, WHICH IS CLEARLY CONTAINED [WITHIN] THE PROPERTY LINES OR BOUNDARY LINES OF A COMMON AREA PARKING LOT, IS A "HIGHWAY" OR "TRAFFICWAY" OF THE COMMONWEALTH OF PENNSYLVANIA?

(Commonwealth's Brief at 4).

The relevant scope and standard of review for a grant of a *habeas corpus* petition is as follows:

> Our scope of review is limited to deciding whether a *prima facie* case was established…. The Commonwealth must show sufficient probable cause that the defendant committed the offense, and the evidence should be such that if presented at trial, and accepted as true, the judge would be warranted in allowing the case to go to the jury.
>
> When deciding whether a *prima facie* case was established, we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which could support a guilty verdict. The standard…does not require that the Commonwealth prove the [defendant's] guilt beyond a reasonable doubt at this stage.

**Commonwealth v. Patrick**, 933 A.2d 1043, 1045 (Pa.Super. 2007) (*en banc*), *appeal denied*, 596 Pa. 705, 940 A.2d 364 (2007) (quoting **Commonwealth v. James**, 863 A.2d 1179, 1182 (Pa.Super. 2004) (*en banc*)). **See also Commonwealth v. Marti**, 779 A.2d 1177, 1180 (Pa.Super. 2001) (stating *prima facie* standard requires evidence of each and every element of crime charged; weight and credibility of evidence are

not factors at this stage of proceedings).

On appeal, the Commonwealth contends generally that a parking lot is a "trafficway" for purposes of the DUI statute. The Commonwealth asserts it established a *prima facie* case that the parking space Appellee drove in was part of a trafficway as defined by 75 Pa.C.S.A. § 102. The Commonwealth maintains that even if the trial court correctly distinguished parking lots from assigned parking spaces, the evidence presented at the hearing did not demonstrate Appellee actually had any claim of title to the specific parking space. The Commonwealth indicates the proposed amendments to Appellee's housing code, including reference to a reserved parking space, were not officially adopted. The proposed amendments are the only document that references a "reserved" parking space, which is not mentioned anywhere in the deed. The Commonwealth avers the proposed amendments are also inconsistent with the story Appellee told the court; the amended declarations purport to allot one parking space to each resident, while Appellee insisted in her testimony she is "entitled" to two parking spaces. The Commonwealth contends Appellee's own hand-drawn map makes it unclear whether Appellee's car was actually parked in "her" space at the time of the accident. The Commonwealth concludes the trial court erred in granting Appellee *habeas corpus* relief on the grounds asserted, and this Court must reverse and remand the matter for further proceedings. We agree.

The Motor Vehicle Code governs "serious traffic offenses," which occur "upon highways and trafficways throughout this Commonwealth." 75 Pa.C.S.A. 3101(b). DUI is classified as a serious traffic offense. 75 Pa.C.S.A. § 3802(a)(1), (c). The Motor Vehicle Code defines "Highways" and "Trafficways" as follows:

> **§ 102. Definitions**
>
> Subject to additional definitions contained in subsequent provisions of this title which are applicable to specific provisions of this title, the following words and phrases when used in this title shall have, unless the context clearly indicates otherwise, the meanings given to them in this section:
>
> \* \* \*
>
> **"Highway."** The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.
>
> \* \* \*
>
> **"Trafficway."** The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.
>
> \* \* \*

75 Pa.C.S.A. § 102. The DUI statute in relevant part provides:

> **§ 3802. Driving under influence of alcohol or controlled substance**
>
> **(a) General impairment.**—

> (1) An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

> \* \* \*

> **(c) Highest rate of alcohol.**—An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(a)(1), (c). The term "operate" as used in the DUI statute "requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Johnson*, 833 A.2d 260, 263 (Pa.Super. 2003).

Pennsylvania law recognizes that roadways in private areas, or areas restricted to permit-holders, can still meet the "public use" requirement for purposes of Sections 3101, 102 and the DUI statute. *Commonwealth v. Zabierowsky*, 730 A.2d 987, 989 (Pa.Super. 1999) (holding parking garage met "public use" for purposes of Sections 102 and 3101, although use was limited to patrons who accepted conditional rental arrangement and paid for garage access). "Even if restricted by signs, if a parking lot is used by members of the public, it is a trafficway for purposes of 75 Pa.C.S.A. §

3101." ***Commonwealth v. Wilson***, 553 A.2d 452, 454 (Pa.Super. 1989), *appeal denied,* 522 Pa. 603, 562 A.2d 826 (1989) (affirming DUI conviction where intoxicated driver operated vehicle within private Elks Club parking lot). ***See also Commonwealth v. Cameron***, 668 A.2d 1163 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1194 (1996) (holding parking lot adjacent to apartment building constituted trafficway for purposes of DUI statute). ***Compare Commonwealth v. Wyland***, 987 A.2d 802 (Pa.Super. 2010), *appeal denied*, 608 Pa. 623, 8 A.3d 346 (2010) (holding road within Air Force base did not constitute trafficway, as matter of right or custom, where base was open only to civilians who obtained proper security clearances and express approval to enter from U.S. Air Force personnel); ***Commonwealth v. Aircraft Service Intern. Group***, 917 A.2d 328 (Pa.Super. 2007) (holding airport service road was not "highway" open for use of public for vehicular traffic, where access to road was limited to employees with proper airport identification, which can be obtained only by getting fingerprinted and attending several training classes); ***Commonwealth v. Owen***, 580 A.2d 412 (Pa.Super. 1990) (affirming *habeas corpus* relief, where Commonwealth failed to present any evidence to demonstrate character of parking lot where incident occurred).

Instantly, the DUI incident occurred within the parking lot serving both the Evergreen Point and Montgomery Village housing complexes. The parking lot is marked with a sign stating "Private Property," but non-

residents frequently cross the premises, including mailmen, deliverymen, and other visitors. At the hearing, the Commonwealth and Appellee stipulated Appellee drove her motor vehicle within her parking space, onto an adjacent grassy area, and the grassy area was not a trafficway. The parties also stipulated Appellee's blood alcohol content was 0.189% when it was tested within two hours following the incident. The Commonwealth presented evidence that the incident took place between 3:00 p.m. and 3:30 p.m., and Appellee's blood alcohol content was measured at 4:47 p.m. the same day. The Commonwealth also presented Appellee's deed, which specifically indicated she owned a townhome in the complex, but the deed made no mention of a parking space. Additionally, the Commonwealth offered testimony that Appellee struck a green electrical box located on the grassy area.

Appellee presented a photograph showing how the parking spaces are numbered, a fact confirmed by Officer Gerst in his testimony. Appellee produced a signed copy of the "Declaration of Covenants, Conditions and Restrictions for Montgomery Village Homeowners Association," listing her rights and responsibilities as a homeowner. Appellee also produced a document entitled "Proposed Amendments," which purports to reserve one parking space for each homeowner. The copy of the Proposed Amendments was not signed, and there was no evidence that the housing complex had ever adopted the Amendments.

The Commonwealth's burden at this stage of the prosecution was to demonstrate evidence of each element of the charges, committed on a highway or trafficway in the Commonwealth. ***See Patrick, supra***. The Commonwealth did not have to prove the offenses beyond a reasonable doubt. ***See id.*** Here, the stipulations confirmed Appellee drove her vehicle while intoxicated, over the tire stop, and onto an adjacent grassy area where she struck a green electrical box. The evidence given at the hearing by Appellee and the Commonwealth's witnesses showed members of the public routinely used the Montgomery Village parking lot, satisfying the public use requirement of a trafficway under the DUI statute. ***See*** 75 Pa.C.S.A. § 102; ***Zabierowsky, supra***; ***Cameron, supra***; ***Wilson, supra***. Though Appellee's argument for *habeas corpus* relief at the hearing rested on a distinction between the parking lot generally and a private parking space, the Commonwealth was able to show Appellee's asserted ownership of the parking space was unclear both as to right and custom. ***See*** 75 Pa.C.S.A. § 102. The evidence, viewed in the light most favorable to the Commonwealth at this stage, established a *prima facie* case. Under these circumstances and at this juncture of the proceedings, the trial court improperly dismissed all charges against Appellee. Accordingly, we reverse the court's order dismissing all charges and remand for further proceedings.

Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/24/2016