J-S05041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TIMOTHY FRANCIS MERRITTS, | |
| Appellant | No. 275 MDA 2016 |

Appeal from the Judgment of Sentence January 19, 2016
in the Court of Common Pleas of Cumberland County
Criminal Division at No.: CP-21-CR-0000647-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                     **FILED FEBRUARY 28, 2017**

Appellant, Timothy Francis Merritts, appeals from the judgment of sentence imposed on January 19, 2016, following his non-jury conviction of driving under the influence (DUI) general impairment, DUI general impairment with an accident, and DUI highest rate.[1]  We affirm.

We take the factual and procedural history in this matter from our review of the certified record, and the trial court's June 30, 2016 opinion.  In its opinion, the trial court summarized the factual history of this matter as follows:

On August 21, 2014, Sergeant Keith Stambaugh of the Silver Spring Township Police Department was dispatched to the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), (c), respectively.

scene of a crash in the area of 40 West Willow Terrace Road. West Willow Terrace Road is a private gravel road that is not maintained by Silver Spring Township. The two entrances to the road are marked with signs that read "PRIVATE ROAD PLEASE 5 MPH." There are approximately ten to twelve houses along the road, there are no barriers at the entrances, and it is open to public use.

Upon arrival, the Sergeant observed a dark blue van stuck on an embankment [] on the side of the road next to a steep cliff leading down to a creek. Before he could get out of his vehicle, [Appellant] came forward and walked up to the driver's side window of the police car. As he approached, [Appellant] appeared to stagger. The Sergeant then exited his vehicle and asked [Appellant] if he was the driver of the stranded van. [Appellant] replied in the affirmative. [Appellant] slurred his speech and his eyes were glassy. When asked to provide his driver's license, registration, and insurance information, [Appellant] had difficulty retrieving the requested documents from his van. He dropped his keys multiple times while attempting to unlock his van and the Sergeant could smell the strong odor of alcoholic beverages coming from his person.

After finally locating the requested documents, the Sergeant asked [Appellant] to exit the van. Once he got out, [Appellant] reached into his pocked, pulled something out, and threw it over the van down the cliff. The Sergeant asked him, "What was that, your marijuana?" And [Appellant] replied, "Maybe." At that point, the Sergeant placed [Appellant] under arrest for suspicion of [DUI]. Prior to taking him into custody, the Sergeant asked [Appellant] where he was coming from when he crashed. [Appellant] replied that he was coming from a friend's house in Mechanicsburg. When asked if that was where he did all the drinking, [Appellant] dropped his head, defeated[,] and said, "Yeah." [Appellant] also admitted that the alcohol contributed to his running off the side of the road.

[Appellant] declined to perform standardized field sobriety tests and was taken to Carlisle Regional Medical Center for a blood test that revealed [Appellant's] [b]lood [a]lcohol [c]ontent to be 0.237 percent. During his time with the Sergeant, [Appellant] admitted to drinking heavily that day and that alcohol likely contributed to his crash. [Appellant] also stated that he had not had anything to drink after the crash.

(Trial Court Opinion, 6/30/16, at 1-3) (record citation and footnote omitted).

After a non-jury trial on November 24, 2015, the trial court found that, after drinking alcohol such that he was incapable of safely driving his vehicle, Appellant drove his van from Mechanicsburg, Pennsylvania, to West Willow Terrace, where it crashed.[2] (**See** N.T. Trial, 11/24/15, at 80-81). It also found that his blood alcohol content was 0.237 percent. The court found him guilty of all charges. (**See id.** at 81).

On January 19, 2016, the court observed that the DUI counts merged for the purpose of sentencing, and sentenced Appellant to a period of incarceration of not less than seventy-two hours, nor more than six months in Cumberland County Prison for DUI. (**See** N.T. Sentencing, 1/19/16, at 4). This timely appeal followed.[3]

Appellant raises two questions on appeal.

I. Did the court abuse its discretion by admitting and then considering [Appellant's] statement to police in violation of the *corpus delecti* [sic] rule?

II. Was the evidence presented at trial sufficient to sustain a conviction on all charges when no evidence was offered to prove [Appellant] drove the vehicle on anything but a private road?

---

[2] During the trial, Appellant's girlfriend, Erlina Puchalsky, testified; however, the trial court found her testimony to be not credible and fabricated in an attempt to create a defense for Appellant. (**See** Trial Ct. Op., at 3; N.T. Trial, at 81).

[3] Pursuant to the trial court's order, Appellant filed his concise statement of errors complained of on appeal on March 9, 2016. **See** Pa.R.A.P. 1925(b). The trial court entered its opinion on June 30, 2016. **See** Pa.R.A.P. 1925(a).

(Appellant's Brief, at 6) (most capitalization omitted).

In his first issue, Appellant claims that the trial court erred when it admitted and considered Appellant's statements to Sergeant Stambaugh, because the Commonwealth did not meet its burden, pursuant to the *corpus delicti* rule. (**See *id.*** at 13-21). Specifically, Appellant argues that the Commonwealth did not establish the *corpus delicti*, that drunk driving occurred, before the court admitted and considered his confession. (**See *id.*** at 13). We disagree.

> The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence.

***Commonwealth v. Rivera***, 828 A.2d 1094, 1103–04 (Pa. Super. 2003), *appeal denied*, 842 A.2d 406 (Pa. 2004) (citation omitted).

"Establishing the *corpus delicti* is a two-step process. The first is admission, which requires a showing by a preponderance of the evidence. The second is consideration by the fact-finder, which requires a showing of the *corpus delicti* beyond a reasonable doubt." ***Commonwealth v. Herb***,

852 A.2d 356, 363 n.3 (Pa. Super. 2004) (citations omitted). Thus, in order for the court to consider Appellant's statement, the Commonwealth needed to prove beyond a reasonable doubt that there was sufficient independent evidence that he: (1) drove a vehicle, (2) after imbibing a sufficient amount of alcohol such that he was rendered incapable of safely driving. *See* 75 Pa.C.S.A. § 3802(a)(1).

Here, Sergeant Stambaugh's testimony demonstrated that when he arrived at the scene, he observed Appellant's van stuck on an embankment at the end of the road. (*See* N.T. Trial, at 7-8). Appellant walked up to Sergeant Stambaugh's police vehicle and staggered as he approached. (*See id.* at 8). Appellant then confirmed that he was the driver of the van. (*See id.*).[4] Sergeant Stambaugh testified that Appellant's eyes were glassy, his speech was slurred, and it took him a few seconds to respond to Sergeant Stambaugh's question whether he was driving or not. (*See id.* at 9). While waiting for Appellant to provide insurance and registration information, Sergeant Stambaugh noticed a strong odor of alcohol from Appellant. (*See id.* at 10). Appellant fumbled with his keys, dropping them twice and unsteadily picking them up, and then produced the registration for a trailer

---

[4] "The identity of the person responsible for the criminal act is not part of the *corpus delicti*[,]" thus, the rule does not apply to Appellant's statement that he was the driver of the vehicle. *Commonwealth v. Zugay*, 745 A.2d 639, 652 (Pa. Super. 2000), *appeal denied*, 795 A.2d 976 (Pa. 2000) (citation omitted).

instead of the van. (*See id.*). Appellant later admitted to Sergeant Stambaugh that he crashed while coming from a friend's house in Mechanicsburg, where he drank alcohol, and that the alcohol contributed to his crash. (*See id.* at 12).

Given this evidence, we conclude that the admission of Appellant's statements that he was "drinking heavily that day and that alcohol likely contributed to his crash[,]" and "that he had not had anything to drink after the crash[,]" was proper under the *corpus delicti* rule. (Trial Ct. Op., at 3). Prior to introducing the statements, the Commonwealth established that Appellant's van was crashed on an embankment, and that Appellant showed signs of intoxication. Thus, it established by a preponderance of the evidence that a crime, drunk driving, occurred, and admission of the confession was proper. *See Rivera*, *supra* at 1103-04; 75 Pa.C.S.A. §§ 3802(a)(1), (c).

Furthermore, although the trial court did not specifically state on the record whether it was satisfied that the *corpus delicti* of the crimes charged were proven beyond a reasonable doubt before it considered Appellant's admissions, the circumstantial evidence and reasonable inferences drawn therefrom, even without the admission, were sufficient to convict Appellant of driving under the influence. We are satisfied that the Commonwealth demonstrated beyond a reasonable doubt the *corpus delicti*, that drunk driving occurred. *See Herb*, *supra* at 363 n.3; *Rivera*, *supra* at 1103-04. Thus, we conclude that the trial court did not abuse its discretion by

admitting and considering Appellant's statements. Appellant's first issue does not merit relief.

In his second issue, Appellant claims that the evidence was insufficient to convict him of driving under the influence. (**See** Appellant's Brief at 22-26). Specifically, he argues that the Commonwealth failed to prove that the road on which he drove was a trafficway.[5] (**See id.**). We disagree.

Our standard of review for a challenge to the sufficiency of the evidence is well settled. "In evaluating such a claim, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that each and every element of the crimes charged was established beyond a reasonable doubt." **Commonwealth v. Zabierowsky**, 730 A.2d 987, 988–89 (Pa. Super. 1999) (citations omitted).

Appellant was convicted of three counts of DUI, violations of Chapter 38 of the Pennsylvania Vehicle Code, which "apply upon highways and trafficways throughout this Commonwealth." 75 Pa.C.S.A. § 3101(b). Thus, the Commonwealth must establish that Appellant's offenses occurred on a highway or trafficway. **See Zabierowsky**, **supra** at 989. Trafficway is defined in 75 Pa.C.S.A. § 102 as "[t]he entire width between property lines

---

[5] Appellant does not allege that the Commonwealth failed to prove any of the other elements of his offenses. (**See** Appellant's Brief, at 22-26).

or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom." 75 Pa.C.S.A. § 102. "Pennsylvania law recognizes that roadways in private areas, or areas restricted to permit-holders, can still meet the 'public use' requirement for purposes of . . . the DUI statute." **Commonwealth v. Lees**, 135 A.3d 185, 189 (Pa. Super. 2016) (collecting cases) (holding that parking lot serving housing complexes that was marked with sign stating "Private Property," but which non-residents such as mailmen, deliverymen, and visitors used, was trafficway).

Preliminarily, we note that, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we agree with the trial court's conclusion that the Commonwealth clearly established that Appellant drove his vehicle from Mechanicsburg, Pennsylvania, to the place where it crashed on West Willow Terrace Road, in Silver Spring Township, Pennsylvania. (**See** N.T. Trial, at 80). Thus, Appellant's claim that he only drove on West Willow Terrace Road, which he alleges is a private road and therefore not a trafficway, is belied by the record. Moreover, we find no merit to Appellant's argument that West Willow Terrace Road is not a trafficway.

Here, the evidence established that, the township considered West Willow Terrace Road a private road, and it contained signs at either end stating "private road, please, 5 miles per hour." (N.T. Trial, at 51; **see id.** at 33-36). However, it was open to the public and served the eleven or

twelve private residences located along it. Thus, we conclude that it "is open to the public for purposes of vehicular travel as a matter of right or custom[,]" and therefore is a trafficway for purposes of Chapter 38 of the Vehicle Code. 75 Pa.C.S.A. § 102; *see Lees*, *supra* at 189; *Zabierowsky*, *supra* at 988-89; 75 Pa.C.S.A. § 3101(b). Accordingly, we conclude that the evidence established that Appellant drove his van on a trafficway after imbibing alcohol such that he could not safely operate it. *See* 75 Pa.C.S.A. §§ 3802(a)(1). Appellant's second issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2017