J-S46001-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| AMADOR CURIEL GARCIA | |
| Appellant | No. 2112 MDA 2016 |

Appeal from the Judgment of Sentence November 22, 2016
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000018-2016

BEFORE:  BOWES, J., OLSON, J., AND STEVENS, P.J.E.*

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 15, 2017**

Amador Curiel Garcia appeals from his judgment of sentence of sixty months county intermediate punishment, including ninety days incarceration, imposed after the trial court convicted him of one count of driving under the influence ("DUI") – general impairment, one count of DUI – highest rate of alcohol, and careless driving.  We affirm.

The following facts underlie this matter.  At approximately 4:45 p.m., on October 25, 2015, Trooper Richard Hughes responded to a reported domestic dispute occurring at the Downes Motel in Fort Littleton, Fulton County.  Upon arriving at the scene, Trooper Hughes observed Appellant sitting in the driver's seat of a black Dodge Durango, which was still running while parked in the motel parking lot.  Appellant indicated that he was

---

* Former Justice specially assigned to the Superior Court.

transporting his daughter to State College, where she attended Pennsylvania State University.

While conversing with Appellant, Trooper Hughes detected the odor of alcohol emanating from the vehicle. He noted that Appellant's breath also smelled of alcohol, that he had glassy, bloodshot eyes, and that his speech was slurred. Appellant denied imbibing any alcohol. Nevertheless, based on his observations, Trooper Hughes suspected that Appellant could not safely operate the vehicle, and asked him to exit the vehicle. Following field sobriety tests, Appellant agreed to take a preliminary breath test. As a result of these assessments, Trooper Hughes transported Appellant to the Fulton County Medical Center. A blood test was administered, and the subsequent results revealed that Appellant had a blood alcohol content of .162% within two hours of operating the vehicle.

Following a bench trial, Appellant was convicted of the aforementioned offenses. He filed a timely notice of appeal and complied with the trial court's order to file a Rule 1925(b) concise statement of errors complained of on appeal. The trial court authored a Rule 1925(a) opinion and this matter is now ready for our review.

Appellant raises a single question for our consideration: "Was the trial court's finding that Appellant was seated in the driver's seat of a running vehicle sufficient to find that he was in actual physical control of the vehicle, when the record established that Appellant was joined by another licensed

driver, the vehicle was appropriately parked in a motel parking space, and Appellant was engaged in a telephone conversation with his wife?" Appellant's brief at 5.

Appellant contests the sufficiency of the evidence underpinning his DUI convictions. A challenge to the sufficiency of the evidence raises a question of law. Thus, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Giron***, 155 A.3d 635, 638 (Pa.Super. 2017). Further, "[i]n assessing Appellant's sufficiency challenge, we must determine whether, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, together with all reasonable inferences therefrom, the trier of fact could have found that the Commonwealth proved [each] element of the crime beyond a reasonable doubt." ***Id***. (citation omitted). In addition, "[t]he evidence need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." ***Id***. (citation omitted).

Appellant asserts that there was insufficient evidence to convict him of DUI. The relevant statute reads, in pertinent part, as follows:

(a)    General Impairment.--

    (1)    An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

- 3 -

. . . .

> (c)  Highest rate of alcohol.--An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a) and (c).

Specifically, Appellant argues that the Commonwealth failed to establish that he was in actual physical control of the vehicle as required by the Crimes Code.[1] He maintains that, under the totality of the circumstances, the Commonwealth did not adduce any proof that Appellant, rather than his daughter, was driving the vehicle. He asserts that his daughter was a licensed driver, that the car was parked in the motel parking lot when the police arrived, and, although Appellant was sitting in the driver's seat, he was merely talking on the phone with his wife at the time. Appellant further questions the reliability of Trooper Hughes' testimony that the vehicle was running during the traffic stop, and downplays the implication that he himself conceded that he was "taking" his daughter to State College. Appellant's brief at 10. Thus, he concludes that the record does not support his convictions for DUI.

_____

[1] During the bench trial, the parties stipulated that Appellant's blood was drawn at 5:45 p.m., and that subsequent testing revealed he had a blood alcohol content of .162%. N.T. Trial, 8/30/16, at 16-17.

We observe that the term "operate" as used in § 3802 "requires evidence of actual physical control of either the machinery of the motor vehicle or the management of the vehicle's movement, but not evidence that the vehicle was in motion." *Commonwealth v. Lees*, 135 A.3d 185, 189 (Pa.Super. 2016) (citation omitted). When determining whether the Commonwealth proffered evidence that an individual was operating or in actual physical control of the vehicle, we consider the following factors: "the motor running, the location of the vehicle, and additional evidence showing that the defendant had driven the vehicle." *Commonwealth v. Toland*, 995 A.2d 1242, 1246 (Pa.Super. 2010) (citation omitted). We make this determination based on the totality of the circumstances. *Id*.

Instantly, Trooper Hughes testified that, when he approached Appellant's vehicle, the car was running and Appellant was sitting in the driver's seat. N.T. Trial, 8/30/16, at 7-9. During questioning, Appellant stated that "he was taking his daughter to college in State College, PA." *Id*. at 10, 13. The trooper also noted that the parking lot was open to the public. *Id*. at 13-14. The record further reveals that the two were traveling from Fredrick, Maryland, and had a dispute during that trip which gave rise to the police being called.

Upon review of the certified record, we find that, when viewing the evidence in the light most favorable to the Commonwealth as verdict winner, there is sufficient evidence to support Appellant's convictions for DUI beyond

a reasonable doubt. Under the totality of the circumstances, the trier-of-fact could have reasonably inferred from Appellant's location in the driver's seat, with the engine running, that he had been in actual physical control of the vehicle as he and his daughter traveled from Maryland to State College. This inference is corroborated by Appellant's concession that he was "taking his daughter to college." *Id*. at 10. Further, although Appellant did not directly challenge this aspect of the crime, it is well-established that a parking lot that is used by the public constitutes a "trafficway" for the purposes of the Vehicle Code. *Lees*, *supra* at 189 (observing, "Even if restricted by signs, if a parking lot is used by members of the public, it is a trafficway for purposes of 75 Pa.C.S. § 3101." (citing *Commonwealth v. Wilson*, 553 A.2d 452, 454 (Pa.Super. 1989)).

Moreover, we note that Appellant's argument that another licensed driver was present is of no moment, as the evidence adduced at trial need not preclude every possibility of innocence. *Giron*, *supra*. Finally, the court credited the testimony of Trooper Hughes, and that testimony is supported by the evidence of record. Hence, when considering the totality of the circumstances in the light most favorable to the Commonwealth as verdict winner, there was sufficient evidence to support Appellant's conviction for DUI. As such, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/15/2017