J-S51015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD BRESSI | No. 3034 EDA 2016 |

Appeal from the Order September 16, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): MC-51-CR-0015422-2016

BEFORE:  BOWES, J., SHOGAN, J., AND STEVENS, P.J.E.,*

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 21, 2017**

The Commonwealth appeals from the trial court order that denied the refiling of a criminal complaint charging Appellee, Richard Bressi, with possession of a firearm by a person prohibited, firearms not to be carried without a license, and carrying firearms in public in Philadelphia.  We reverse and remand.

On May 26, 2016, Philadelphia Police Officer Kevin Gorman and his partner were patrolling the area near the intersection of 13th Street and West Moyamensing Avenue, Philadelphia, in an unmarked vehicle.  Officer Gorman observed Mr. Bressi exit a club on 13th Street.  Mr. Bressi shouted an invitation to a woman sitting in a car parked across the street to join him

---

*  Former Justice specially assigned to the Superior Court.

in a black Land Rover. He and the woman entered the vehicle and the officers circled the block while they assessed the situation.

After returning to the area, the officers saw that Mr. Bressi and the woman were still seated in the Land Rover. The officers parked their car nose-to-nose with the Land Rover, at which point, Mr. Bressi and the woman began to exit the car. Officer Gorman smelled a strong odor of marijuana emanating from the vehicle and suspected that there was more marijuana inside. He contacted a K-9 unit, and during a canine search shortly thereafter, the K-9 unit indicated on the driver's and passenger's side doorways, signifying the possible presence of contraband.

Officer Gorman recovered a vapor smoker packed with suspected marijuana from inside the vehicle. Within a compartment on the driver's side door, the officer discovered twenty-four small packages containing a white powdery substance and a pill bottle, labeled with Mr. Bressi's name, containing numerous pills. From the rear of the vehicle, Officer Gorman located a .45 caliber handgun from the pocket of a jacket. Mr. Bressi denied owning the firearm, but stated that he knew who owned it. The officer also recovered $1,440 cash from Mr. Bressi's person. A search of the woman did not uncover any evidence of criminal activity.

Based on the above, the Commonwealth filed a complaint against Mr. Bressi charging him with possession with the intent to deliver, possession of a controlled substance, and the aforementioned violations of the Uniform

Firearms Act. After a preliminary hearing, a municipal court judge dismissed the charges against Mr. Bressi, except one count of possession. The Commonwealth submitted notice of its intent to refile the criminal complaint again charging him with possession and the weapons offenses. After a hearing before the court of common pleas on September 16, 2016, wherein the Commonwealth relied primarily on the evidence adduced at the previous preliminary hearing, the court denied the Commonwealth petition to refile for lack of evidence.

The Commonwealth filed a timely notice of appeal, including a certification pursuant to Pa.R.A.P. 311(d) that the court's order substantially handicapped its prosecution. It complied with the court's order to file a Rule 1925(b) concise statement of errors complained of on appeal, and the court authored a Rule 1925(a) opinion. This matter is now ready for our review.

The Commonwealth raises a single question for our consideration: "Did the lower court err in holding that the evidence was insufficient for a *prima facie* case, where the Commonwealth established at the preliminary hearing that defendant constructively possessed the gun?" Commonwealth's brief at 4.

At the outset, we delineate our standard of review. Whether the Commonwealth has established a *prima facie* case is a question of law. **Commonwealth v. Dantzler**, 135 A.3d 1109, 1112 (Pa.Super. 2016). Hence, our standard of review is *de novo* and our scope of review is plenary.

*Id*. In order to establish a *prima facie* case, "the Commonwealth must produce evidence of every material element of the charged offense(s) as well as the defendant's complicity therein." *Id*. (citation omitted). Further, when determining whether the Commonwealth has sustained this burden, "we must view the evidence in the light most favorable to the Commonwealth, and we are to consider all reasonable inferences based on that evidence which would support a guilty verdict." ***Commonwealth v. Lees***, 135 A.3d 185, 188 (Pa.Super. 2016) (citation omitted). The Commonwealth need not prove its case beyond a reasonable doubt. *Id*.

The Uniform Firearms Act defines the crime of persons not to possess firearms as follows:

> A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

The crime of firearms not to be carried without a license is defined as follows:

> Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

Finally, the offense of carrying a firearm in public in Philadelphia states, in relevant part:

> No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless . . . such person is licensed to carry a firearm[.]

18 Pa.C.S. § 6108.

The Commonwealth alleges that it produced sufficient evidence to show that Mr. Bressi constructively possessed the firearm found in the rear compartment of the Land Rover. We have previously observed,

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

**Commonwealth v. Hopkins**, 67 A.3d 817, 820 (Pa.Super. 2013) (citation omitted).

Specifically, the Commonwealth contends that the evidence proffered was sufficient to show that Mr. Bressi exercised control over the vehicle and its contents. It highlights that Mr. Bressi referred to the car as his "office," that he sat in the driver's seat, and that, among the drugs and paraphernalia discovered in the driver's side door, was a pill bottled labeled with his name. Commonwealth's brief at 11-12. The Commonwealth asserts that it also

offered evidence that Mr. Bressi was aware of the gun in the car, emphasizing his concession that he knew the owner of the weapon. The Commonwealth maintains that it had no duty to prove the ownership of the Land Rover, the gun, or the jacket in order to make out a *prima facie* case that Mr. Bressi possessed the weapon, since those facts are not elements of the crimes listed above. Thus, the Commonwealth posits that the trial court erred in denying it leave to refile the firearm offenses against Mr. Bressi. We agree.

Instantly, the Commonwealth offered the testimony of Officer Gorman at the preliminary hearing. Officer Gorman testified that, on the day in question, he witnessed Mr. Bressi exit a club and hail a female companion sitting in a parked car across the street. N.T. Hearing 6/14/16, at 5-6. The officer reported that Mr. Bressi invited the woman to "[c]ome into my office." *Id*. at 6. At that time, the two individuals entered a black Land Rover parked nearby, with Mr. Bressi entering the driver's side door. *Id*. When the officers approached the vehicle, both occupants immediately exited the car. *Id*. at 7.

After discerning the odor of marijuana emanating from the vehicle, Officer Gorman requested a K-9 unit to perform a canine search of the vehicle. *Id*. at 7-8. The dog alerted to the presence of contraband, and following the ensuing search of the vehicle, the officer recovered a vapor smoker packed with a green, leafy marijuana-like substance. *Id*. at 8. The

officer noted "Mr. Bressi told me how to get into the bottom of [the vapor smoker]," where the marijuana-like substance had been placed. *Id*. Within a compartment on the driver's side door, the officer discovered twenty-four packets containing a white powdery substance, which upon field testing tested positive for cocaine, numerous pills, and an amber-colored pill bottle with Mr. Bressi's name on the label. *Id*. at 9, 11-12, 22.

In the rear compartment of the vehicle, Officer Gorman recovered a .45 caliber semiautomatic handgun from the pocket of a black jacket. *Id*. at 10. Mr. Bressi denied owning the handgun, although he stated that he knew who did own it, and did not provide a license to carry the firearm. *Id*. at 13, 22-23. Finally, the Commonwealth offered evidence that Mr. Bressi had previously been convicted of aggravated assault. *Id*. at 23.

When viewing the totality of the circumstances in the light most favorable to the Commonwealth, we find that it sustained its burden of establishing a *prima facie* case for the aforementioned firearms offenses, including that Mr. Bressi constructively possessed the firearm found in the rear of the Land Rover. Mr. Bressi invited another individual to join him in his "office," after which the two people sat inside the Land Rover. Further, the vehicle contained Mr. Bressi's pill bottle and a vapor smoker that Mr. Bressi knew how to operate. From these facts it is reasonable to infer that Mr. Bressi exercised control over the vehicle and the contents within.

The pill bottle is especially indicative of his relationship to the vehicle, as it is reasonable to infer that the pill bottle would not be located within the car unless Mr. Bressi had exerted some dominion over the Land Rover. Moreover, Mr. Bressi's statement that he "knew whose [the firearm] was," *id*., is probative of his knowledge that the weapon existed, that it was in the rear of the vehicle, and that he intended to exercise control over it.

That the Commonwealth did not offer evidence of the ownership of vehicle, the gun, or the jacket in which the gun was found is not dispositive, as constructive possession is not dependent on conventional principles of ownership. *See Commonwealth v. Jones*, 874 A.2d 108 (Pa.Super. 2005) (finding constructive possession where cocaine located within rental car); *Commonwealth v. Kinard*, 95 A.3d 279 (Pa.Super. 2014) (finding appellant constructively possessed contraband recovered during search of home owned by another person and contraband purchased by that homeowner). Nor do the offenses in question require evidence of ownership of a firearm to support a conviction. 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), and 6108. We find that the above facts support the inference that it is more likely than not that Mr. Bressi possessed the handgun. *Hopkins*, *supra*.

Hence, when viewing the totality of the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, we find the Commonwealth established a *prima facie* case that Mr. Bressi constructively possessed the firearm in question.

Order reversed.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2017