J-A25007-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM RILEY RAMEY, JR. | : | |
| | : | |
| Appellant | : | No. 3638 EDA 2016 |

Appeal from the Judgment of Sentence October 25, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0000198-2016

BEFORE:   OTT, J., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED JANUARY 23, 2018**

William Riley Ramey, Jr., appeals the judgment of sentence imposed on October 25, 2016, in the Court of Common Pleas of Monroe County.  Ramey was found guilty in a non-jury trial of driving while under the influence —general impairment (DUI), criminal mischief, possession of drug paraphernalia, and careless driving.[1]  The trial court imposed an aggregate sentence of six months' probation.[2]  In this appeal, Ramey challenges the

_____

* Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(a)(1), 18 Pa.C.S. § 3304(a)(1), 35 P.S. § 780-113(a)(32), and 75 Pa.C.S. § 3714(a), respectively.

[2] On the DUI charge, the trial court sentenced Ramey to a term of six months' probation and ordered him to pay a fine of $300.00, as well as costs, restitution, and fees.  On the criminal mischief charge, the trial court imposed

sufficiency of the evidence of identification, and the trial court's admission of Ramey's inculpatory statement on grounds of the *corpus deliciti* rule over defense objection, and the sufficiency of the evidence to sustain his convictions for DUI/general impairment and careless driving.[3]  **See** Ramey's Brief at 4.  Based upon the following, we vacate the judgment of sentence as to the summary conviction of careless driving; otherwise, we affirm.

The trial court has summarized the facts giving rise to the charges against Ramey:

> William Riley Ramey, Jr., [] was arrested on October 22, 2015, on suspicion of driving under the influence. Officer Christopher Gupko of the Pocono Township Police responded to a call that a vehicle had struck the front gate at Outdoor World, a campground located off of Pennsylvania State Route 611. Upon arriving at Outdoor World, Officer Gupko was advised by Annelise Bird, an Outdoor World employee, that a man drove a pick-up truck bearing Florida registration R8BUM through the gate. Ms. Bird further advised that the man had fled after being told that the police had been called, but that she was familiar with this man, who was staying in cabin E25.
>
> Officer Gupko made contact with [Ramey] at cabin E25, outside of which he observed a pick-up truck matching Ms. Bird's description and bearing Florida registration R8BUM. [Ramey] advised Officer Gupko that he had forgotten about the gate and struck it with his truck. [Ramey] also revealed that he had recently consumed two beers at the Amber Inn, which is located approximately three miles north of Outdoor World, and that he

---

a concurrent sentence of 90 days' probation and ordered Ramey to pay costs. On the drug paraphernalia charge, the trial court imposed a concurrent sentence of 90 days' probation.  On the summary offense of careless driving, the trial court sentenced Ramey to pay a fine in the amount of $50.00 plus costs.  **See** N.T., 10/25/2016, at 4–6.

[3] We have reordered Ramey's issues for purposes of this discussion.

had subsequently driven from the Amber Inn to Outdoor World. [Ramey] completed several field sobriety tests and, based on his performance of such tests, was placed under arrest. A search incident to this arrest revealed a metal pipe containing a small amount of marijuana.

Trial Court Opinion, 3/7/2016, at 1–4 (record citations omitted).

As stated above, the trial court found Ramey guilty of DUI/general impairment, criminal mischief, possession of drug paraphernalia, and careless driving. Following sentencing, Ramey filed this appeal.[4]

First, Ramey contends there is insufficient evidence to support his convictions for DUI, careless driving, and criminal mischief because the eyewitness's identification at trial was "coercive." Ramey's Brief at 13.

Our standard of review for a sufficiency challenge is well settled:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial

_____

[4] Ramey timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court granted Ramey's motion for leave to file an amended concise statement following the filing of the trial transcript, and Ramey timely filed an amended concise statement. **See** Concise Statement, 1/11/2017; Amended Concise Statement, 2/27/2017.

evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Best*, 120 A.3d 329, 341 (Pa. Super. 2015) (citations omitted). "In addition to proving the statutory elements of the crimes charged beyond a reasonable doubt, the Commonwealth must also establish the identity of the defendant as the perpetrator of the crimes."

*Commonwealth v. Brooks*, 7 A.3d 852, 857 (Pa. Super. 2010).

Here, Ramey argues:

The sole civilian witness in this case, Anneliese Bird was asked to identify [Ramey] at trial. Initially, she stated that she could not identify the individual in the courtroom and stated, "I'm not sure." Over the defense objection, the prosecutor asked Ms. Bird "is there anyone in this courtroom that you remember seeing is the person that got - - does anyone look like that person." Ms. Bird identified [Ramey].

During cross-examination, Ms. Bird's identification, she later admitted, was simply because [Ramey] "had to be" the one because he was the only individual in the courtroom who was neither a police officer nor a lawyer. Specifically, she was asked if she would have been able to identify [Ramey] as the individual who committed the offense [if] he had not been sitting in the courtroom. Ms. Bird testified, "No. Probably not." During re-direct, Ms. Bird was unable to provide any other identifying information about [Ramey].

As such, the identification of [Ramey] in this case was so coercive as to defy credibility.

Ramey's Brief at 13 (record citations omitted).

We find no merit in this argument because Ramey ignores the testimony of Officer Gupko. Specifically, Officer Gupko testified that on October 22,

- 4 -

2015, he responded to a call from Outdoor World, and spoke to Ms. Bird, who told him a truck drove through the gate of Outdoor World, that the driver was intoxicated, and that he had fled when she called police. *See* N.T., 8/30/2016, at 26–27. Officer Gupko stated Ms. Bird provided him with a description and license plate number of the truck, as well as the cabin address where the driver could be found. *Id.* at 26–27. A few minutes later, Officer Gupko made contact with an individual at this cabin, where he observed a vehicle matching Ms. Bird's description. *Id.* at 27–28, 35. The individual told Officer Gupko that "he forgot the gate was there or something along those lines." *Id.* at 29. At trial, Officer Gupko indicated that the individual to whom he spoke was Ramey. *Id.* at 28.

The trial court opined that even disregarding Ms. Bird's testimony, "Officer Gupko indicated at trial, in no uncertain terms, that this individual was [Ramey]." Trial Court Opinion, 8/30/2016, at 7. The trial court obviously credited Officer Gupko's identification of Ramey and we defer to the trial court's credibility determinations that are supported by the record. *See Best, supra,* at 341 ("[T]he [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence"). Accordingly, Ramey's first claim warrants no relief.

In his second issue, Ramey contends the trial court erred in admitting the inculpatory statements he made to Officer Gupko because the Commonwealth had not established the *corpus deliciti* of the crime. Ramey

argues a Section 3802(a) DUI violation must occur on a highway or trafficway pursuant to 75 Pa.C.S. § 3101, and there was no independent evidence that he had operated a vehicle on a highway or trafficway.

The principles that guide our review are as follows:

The *corpus delicti* rule is a rule of evidence. Our standard of review on appeals challenging an evidentiary ruling of the trial court is limited to a determination of whether the trial court abused its discretion. The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted. The *corpus delicti* is literally the body of the crime; it consists of proof that a loss or injury has occurred as a result of the criminal conduct of someone. The criminal responsibility of the accused for the loss or injury is not a component of the rule. The historical purpose of the rule is to prevent a conviction based solely upon a confession or admission, where in fact no crime has been committed. The *corpus delicti* may be established by circumstantial evidence. Establishing the *corpus delicti* in Pennsylvania is a two-step process. The first step concerns the trial judge's *admission* of the accused's statements and the second step concerns the fact finder's *consideration* of those statements. In order for the statement to be admitted, the Commonwealth must prove the *corpus delicti* by a preponderance of the evidence. In order for the statement to be considered by the fact finder, the Commonwealth must establish the *corpus delicti* beyond a reasonable doubt.

**Commonwealth v. Young**, 904 A.2d 947, 956 (Pa. Super. 2006) (citation omitted).

Pennsylvania courts have recognized an exception to the *corpus deliciti* rule for closely related crimes:

[W]here a defendant's confession relates to two separate crimes with which he is charged, and where independent evidence establishes the *corpus delicti* of only one of those crimes, the confession may be admissible as evidence of the commission of the other crime. This will be the case only where the relationship

between the two crimes is sufficiently close to ensure that the policies underlying the *corpus delicti* rule are not violated.

***Commonwealth v. Fears***, 836 A.2d 52, 67 (Pa. 2003).

Here, the trial court rejected Ramey's *corpus delicti* argument, finding the rule was not violated because Ms. Bird's testimony constituted circumstantial evidence that Ramey had driven his vehicle on State Route 611. In addition, and apart from that rationale, the trial court relied on the closely related crimes exception to the *corpus delicti* rule. The trial court explained:

> We note initially that, prior to the admission of [Ramey's] inculpatory statements, Ms. Bird's testimony provided circumstantial evidence that, in order to access the road where she witnessed [Ramey] operate his vehicle, one must first drive on State Route 611. Independent of such circumstantial evidence, however, we do not believe that the *corpus deliciti* rule would preclude the admission of [Ramey's] statements.
>
> One notable exception to the *corpus delicti* rule, referred to as the closely related crimes exception, permits the admission of inculpatory statements if the Commonwealth presents independent evidence of a closely related crime. ***Commonwealth v. Taylor***, 831 A.2d 587, 591 (Pa. 2003). In ***Taylor***, the Pennsylvania Supreme Court endorsed the standard initially articulated in ***Commonwealth v. Bardo***, 709 A.2d 871 (Pa. 1998), as the proper test for this exception. ***Id.*** at 594. This standard requires "the relationship between the crimes to be sufficiently close so as to avoid admitting a confession for a crime that did not occur." ***Id.***
>
> Prior to the admission of [Ramey's] inculpatory statements to Officer Gupko, and the defense objection thereto, the Commonwealth presented independent evidence that [Ramey] had committed criminal mischief. A person commits criminal mischief if he intentionally or recklessly damages the tangible property of another. 18 Pa.C.S. § 3304(a)(1). Ms. Bird testified that a vehicle "went through" the Outdoor World gate, which caused damage to the gate. Ms. Bird further testified that she interacted with the driver of the vehicle shortly after he had struck

the gate and that "he was drunk." Ms. Bird's testimony is sufficient independent evidence that [Ramey] recklessly damaged Outdoor World's tangible property, in that he operated his vehicle, while under the influence of alcohol, near the Outdoor World gate that he ultimately damaged.

[Ramey's] criminal mischief and DUI convictions are sufficiently close to satisfy the underlying purpose behind the *corpus delicti* rule. Each conviction was a result of the same underlying incident, and both factually rely on [Ramey's] operation of a vehicle while he was under the influence of alcohol. Accordingly, the closely related crimes exception to Pennsylvania's *corpus delicti* rule permitted the admission of [Ramey's] inculpatory statements to Officer Gupko at trial.

Trial Court Opinion, 3/7/2016, at 8–9. We agree with the trial court's careful analysis and conclude that no further discussion is warranted by this Court. Therefore, we reject Ramey's *corpus delicti* argument.

Lastly, Ramey challenges the sufficiency of the evidence to support his convictions for DUI and careless driving. Specifically, he claims "[t]here is no evidence [Ramey] drove, operated, or was in actual physical control of the movement of a vehicle on a highway or trafficway." Ramey's Brief at 8.

In reviewing Ramey's argument we apply the standard of review stated above. ***See Best, supra***.

Relevant to Ramey's DUI conviction, Section 3802(a)(1) of the Motor Vehicle Code provides:

An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1). Furthermore, relevant to his careless driving conviction, Section 3714 provides:

> Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of careless driving, a summary offense.

75 Pa.C.S. § 3714(a).

Application of the above provisions is subject to Section 3101, which states:

> **(a)** *General rule.* — Except as provided in subsection (b), the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles **upon highways** except where a different place is specifically referred to in a particular provision.
>
> **(b)** *Serious traffic offenses.* — The provisions of section 3345 (relating to meeting or overtaking school bus), **Subchapter B of Chapter 37** (relating to serious traffic offenses) **and Chapter 38** (relating to driving after imbibing alcohol or utilizing drugs) shall apply **upon highways and trafficways** throughout this Commonwealth.

75 Pa.C.S. § 3101 (emphasis added). Because the offense of DUI is set forth in Subchapter 38 of the Motor Vehicle Code, it is a "serious traffic offense" under Section 3101(b), and the Commonwealth must show the offense occurred on a highway or on a trafficway. Because the offense of careless driving is included in Subchapter A — not Subchapter B — of Chapter 37, the offense falls within the "general rule" of Section 3101(a), and the Commonwealth must show the offense occurred on a highway.

The Motor Vehicle Code defines the terms "highway" and "trafficway", as follows:

> *"Highway."* —The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel. The term includes a roadway open to the use of the public for vehicular travel on grounds of a college or university or public or private school or public or historical park.
>
> *"Trafficway."* —The entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom.

75 Pa.C.S. § 102.

Ramey argues "[t]estimony from Ms. [Annelise] Bird established that Outdoor World is a private facility," and "[a]ccess to Outdoor World by vehicle is accomplished by turning from State Route 611 on to a long private drive." Ramey's Brief at 11. Ramey relies on the fact that "Officer Gupko, the arresting officer, testified that there were no witnesses that observed [Ramey] drive on Rout[e] 611." *Id.* Ramey further maintains that, "[e]ven assuming Ms. Bird was accurate in her identification [of Ramey], which is specifically denied, there is no evidence [Ramey] operated a vehicle anywhere other than at the security guard post, i.e. private property." *Id.* at 12. Ramey asserts:

> Because the security building exists specifically for the purpose of keeping vehicles and individuals out of the campground, it cannot be maintained that this area of the drive is 'open to the public for the purpose of vehicular travel as a right or custom' [referring to definition of "trafficway"]. As such, [Ramey's] conviction for DUI must be reversed."

*Id.* at 12. Further, Ramey maintains that even if this Court were to find that Ramey operated his vehicle on a trafficway, his conviction for careless driving must be reversed because that offense must occur on a highway. *Id.*

- 10 -

The trial court, in its opinion, rejected Ramey's arguments, reasoning that there was sufficient evidence from Ramey's own admissions, and/or from Ms. Bird's testimony, to enable the trial court to conclude Ramey had travelled on State Route 611 at the relevant time. The trial court opined:

> Officer Gupko testified that [Ramey] told him that he had driven to Outdoor World from the nearby Amber Inn, where he had consumed two beers. Transcript of Proceedings at 29-30, 35; August 30, 2016. "The Amber Inn is approximately three miles from Outdoor World, *North on 611*." *Id.* at 29 (emphasis added). [Ramey's] statements alone are sufficient to demonstrate, beyond a reasonable doubt, that he operated his vehicle on State Route 611; however, because [Ramey] takes issue with the admission of his statements at trial under Pennsylvania's *corpus delicti* rule, we will continue our analysis.
>
> Assuming, *arguendo*, that [Ramey's] statements were not properly admitted at trial, sufficient circumstantial evidence remains to support the conclusion that [Ramey] operated his vehicle on State Route 611. Ms. Bird testified that between State Route 611 and the booth in which she was located when [Ramey] stuck the gate there is only a parking lot where trailers are stored. *Id.* at 16. There are no other businesses on this road, which "comes off of 611." *Id.* at 16-17, 41. Because we had no reason to believe that [Ramey] was coming from the trailer storage lot, we concluded that he must have driven on State Route 611 in order to access this road.

Trial Court Opinion, 3/7/2016, at 5-6.

We agree with the trial court the evidence is sufficient to support the DUI conviction. However, we conclude the evidence is insufficient to support the careless driving conviction.

After Officer Gupko was summoned to Outdoor World and spoke to Ramey, he administered a field sobriety test, which Ramey failed. Ramey's argument that there were no witnesses that observed him driving on State

Route 611 overlooks the circumstantial evidence that was presented via Ms. Bird's testimony. Furthermore, Ramey's own statements to Officer Gupko were sufficient proof that he drove on State Route 611. In addition, the road leading from Route 611 to Outdoor World is properly considered a trafficway. *See Commonwealth v. Lees*, 135 A.3d 185, 189 (Pa. Super. 2016) ("Pennsylvania law recognizes that roadways in private areas, or areas restricted to permit-holders, can still meet the 'public use' requirement for purposes of Sections 3101, 102 and the DUI statute."); *Commonwealth v. Zabierowsky,* 730 A.2d 987, 989 (Pa. Super. 1999) (holding restricted parking garage constituted a trafficway that was open to the public). Therefore, we reject Ramey's sufficiency challenge to his DUI conviction.

Nevertheless, we find merit in Ramey's sufficiency claim regarding his careless driving conviction, 75 Pa.C.S. § 3714. At trial, the Commonwealth argued that "the careless driving … would follow along with the driving under the influence, in that when a person is driving under the influence, especially in the manner that [Ramey] had driven through the gate, that would be enough to show that he was carelessly driving." N.T., 8/30/2016, at 53.

As discussed above, the evidence was sufficient to convict Ramey of DUI not only based on his admissions and circumstantial evidence that he operated his vehicle on a highway, but also because the road leading to Outdoor World constitutes a trafficway. However, Section 3714 is not a "serious traffic offense" under Section 3101(b), and its application is not extended to

- 12 -

trafficways by any other provision of the Vehicle Code. **See** 75 Pa.C.S. § 3101(a) ("the provisions of this part relating to the operation of vehicles refer exclusively to the operation of vehicles upon highways except where a different place is specifically referred to in a particular provision."). Consequently, because the damaged gate is located on a trafficway, we conclude the evidence is insufficient to support the careless driving conviction. Accordingly, we vacate the judgment of sentence as to the summary conviction of careless driving.

Judgment of sentence affirmed in part, and vacated in part. The judgment of sentence is vacated as to the summary conviction of careless driving; otherwise, the judgment of sentence is affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:1/23/18