J-A18044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY A. MILLER | : | |
| | : | |
| Appellant | : | No. 1500 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 4, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0006355-2021

BEFORE: OLSON, J., DUBOW, J., and BECK, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 7, 2025**

Appellant Timothy A. Miller appeals from the judgment of sentence entered by the Montgomery County Court of Common Pleas following a bench trial in which the court found him guilty of three counts of Driving Under the Influence ("DUI")[1] and one count of Public Drunkenness.[2] He challenges, *inter alia*, the sufficiency of the evidence supporting his DUI convictions. After careful review, we reverse Appellant's DUI convictions on the grounds that the infraction, crossing a street with his bicycle, was of a *de minimis* nature and remand for resentencing.

We glean the following relevant factual and procedural history from the trial court's Pa.R.A.P. 1925(a) opinion. *See* Tr.Ct. Op., filed 2/11/25. On

_____

[1] 75 Pa.C.S. §§ 3802(a)(1), 3802(c), and 3802(d)(3).

[2] 18 Pa.C.S. § 5505.

January 18, 2020, while on patrol, Officer Gregory Meinhardt of the Souderton Borough Police Department responded to a radio dispatch call relaying information from a 911 call that a male in a green jacket was impeding traffic at North 4th Avenue and Central Avenue by falling off his bicycle in the middle of an intersection. Officer Meinhardt traveled to that location and observed a person, Appellant, who matched the description that the 911 caller provided, walking a bicycle on the sidewalk along Central Avenue.

Officer Meinhardt observed Appellant repeatedly attempt to mount the bicycle but then fall off. Officer Meinhardt approached Appellant and saw that Appellant had a bloody nose. Officer Meinhardt asked Appellant how he got the bloody nose and Appellant replied that he had fallen off his bike. Most relevant to our analysis, the officer did not observe Appellant in the street, but only on the sidewalk and at a spot about 100 feet away from an intersection.

Officer Meinhardt also observed that Appellant was unsteady on his feet, swaying, slurring his words, and reeking of alcohol. Officer Meinhardt asked Appellant if he had been drinking and Appellant conceded that he had consumed alcohol. When Officer Meinhardt asked Appellant to perform a field sobriety test, Appellant stated that "he was too drunk to do so." Trial Ct. Op., at 3.

Officer Meinhardt arrested Appellant for suspicion of DUI and public intoxication. During a search incident to the arrest, Officer Meinhardt recovered a bottle containing a small amount of Fireball liquor in Appellant's

pocket.   Officer Meinhardt then drove Appellant to the hospital where Appellant consented to a blood draw. Laboratory testing revealed Appellant's blood alcohol content ("BAC") to be 0.337 along with traces of THC and cocaine.

The Commonwealth charged Appellant with the above offenses.  At the bench trial, Officer Meinhardt testified in accordance with the above facts.  In addition, the Commonwealth presented the toxicology report through the testimony of toxicologist Sherri L. Kacinko, Ph.D.

We highlight that the court admitted Officer Meinhardt's testimony regarding the 911 call solely to describe the reason that the officer went to Appellant's location, not to establish that Appellant was attempting to ride his bicycle in the intersection and impeding traffic.  Since the information from the 911 call, *i.e.*, that Appellant was operating his bicycle in the middle of an intersection while intoxicated, was hearsay, the trial court properly found that it could not consider it for substantive purposes, *i.e.*, that it was in the roadway where Appellant was operating his bicycle while intoxicated. The Commonwealth did not call any witnesses who observed Appellant operating his bicycle in the middle of the roadway.  Thus, the only substantive evidence that the Commonwealth presented of Appellant's location and conduct was Officer Meinhardt's testimony about Appellant's conduct on the sidewalk, 100 feet away from the intersection.

The court took the matter under advisement and the next day, issued an order convicting Appellant of the above charges.  The court scheduled

sentencing for October 17, 2023, and ordered that Appellant undergo a drug and alcohol evaluation. Appellant failed to appear for either his drug and alcohol evaluation or his sentencing hearing, and the court issued a bench warrant.

On January 4, 2024, following a hearing, the court sentenced Appellant to 90 days to 23 months' incarceration on the count of DUI: Combination of Drugs and Alcohol, with no further penalty on the remaining three convictions.

Appellant filed a post-sentence motion seeking a judgment of acquittal, challenging the sufficiency of the evidence. The court held a hearing on the motion and on May 7, 2024, the court entered an order denying Appellant's post-sentence motion.

Appellant timely appealed. Both he and the trial court complied with Pa.R.A.P. 1925.[3]

Appellant presents the following questions for our review:

A. Was the evidence insufficient to sustain defendant's convictions for Driving Under the Influence at counts 1, 4, and 6 where the Commonwealth's evidence[] (1) failed to establish that defendant was operating the bike in question, since he did not have actual physical control of the bike's machinery or management of the bike's movement via that machinery and (2) even if operation was established, failed to establish that the bike was operated on a roadway or trafficway?

---

[3] The Hon. Thomas P. Rogers presided over Appellant's trial. Following his retirement in January 2025, the Hon. Steven T. O'Neill was reassigned the case, and was the judge who authored the Rule 1925(a) Opinion.

- 4 -

B. Did the lower court err in admitting the contents of the 911 call that brought the arresting officer to the scene of defendant's arrest[] when said contents constituted inadmissible hearsay?

C. Did the lower court err in admitting defendant's statement that he[] "fell of[f] the bike" when the Commonwealth had failed to introduce sufficient evidence to establish a *corpus* under the *corpus* rule?

Appellant's Br. at 3 (reordered).

Appellant asserts that the Commonwealth failed to produce sufficient evidence to prove beyond a reasonable doubt that he was operating the bicycle "on a highway or trafficway." Appellant's Br. at 17, 26. Appellant's challenge to the sufficiency of the evidence presents a question of law which we subject to plenary review under a *de novo* standard. ***Commonwealth v. Smith***, 234 A.3d 576, 581 (Pa. 2020). We review a sufficiency challenge to "determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth, was sufficient to prove every element of the offense beyond a reasonable doubt." ***Commonwealth v. Whitmire***, 300 A.3d 484, 490 (Pa. Super. 2023), *appeal denied*, 311 A.3d 552 (Pa. 2024).

While reviewing the inferences drawn from the evidence, we must determine if "in the context of the entire *factual record* presented to it, the [fact-finder] here could rationally draw an inference" that the appellant committed the crime. ***Commonwealth v. Hall***, 830 A.2d 537, 549 (Pa. 2003)(*emphasis added*). "The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will

- 5 -

fall even under the limited scrutiny of appellate review." ***Commonwealth v. Coleman***, 19 A.3d 1111, 1118 (Pa. Super. 2011) (citation omitted).

In order to be found guilty of DUI, the operator of the vehicle must have operated his vehicle on a "highway" or "trafficway." ***Commonwealth v. Lees***, 135 A.3d 185, 189 (Pa. Super. 2016) (citing 75 Pa.C.S. §§ 3101(b), 3802(a)). Our Vehicle Code defines "highway," relevantly, as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." 75 Pa.C.S. § 102. A "trafficway" is defined as the "entire width between property lines or other boundary lines of every way or place of which any part is open to the public for purposes of vehicular travel as a matter of right or custom." ***Id***. We note, however, that the Supreme Court has excluded a "sidewalk" from the definition of highway or roadway. ***Commonwealth v. Linton***, 337 A.3d 467, 470 (Pa. 2025).

Since the Supreme Court has held that a "sidewalk" is excluded from the definition of a "highway" or "trafficway," we must determine whether the Commonwealth presented sufficient evidence that Appellant operated his bicycle on a highway or trafficway. The trial court concluded that the Commonwealth did so because when the officer observed Appellant, Appellant was 100 feet from an intersection and surmised that he had to cross onto the

highway at the intersection to return to the sidewalk and thus, operated his bicycle in a "highway" when he crossed the street at the intersection:[4]

> [A]s argued by the Commonwealth, Defendant did not just appear on the sidewalk where Officer Meinhardt first observed him. **The circumstantial evidence supports the finding that Defendant rode his bicycle on intersection trafficways to arrive at that location.**

*Id.* at 13 (emphasis added).

Although the trial court may be technically correct that since Officer Minehardt observed Appellant 100 feet from an intersection, Appellant must have operated his bicycle in a highway or trafficway when he crossed the street, we find that infraction of crossing the street with his bicycle to be *de minimis.* Our legislature has provided that a court "shall dismiss a prosecution" if the conduct at issue is "*de minimis*." 18 Pa. C.S. § 312. *De minimis* conduct includes that which "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction." **Id**.

---

[4] This Court has interpreted the term "operate" as "requir[ing] evidence of actual, physical control of either the machinery of the motor vehicle or the management of the vehicle's movement but does not require evidence that the vehicle was in motion." **Commonwealth v. Dirosa**, 249 A3d 586, 589 (Pa. Super. 2021) (citation omitted). More recently, our Supreme Court has interpreted the terms "drive," "operate," and "actual physical control of the movement of a vehicle" to require a finding that "the vehicle moved while the operator was impaired." **Bold v. PennDOT Bureau of Driver's Licensing**, 320 A.3d 1185, 1202 (Pa. 2024) (Dougherty, J., concurring). The evidence shows that Appellant had physical control of his bicycle and thus, was "operating" his bicycle.

at Section 312(a)(2). The legislature has also recognized that dismissal must occur if it "presents such other extenuations that it cannot reasonably be regarded as envisaged by the General Assembly or other authority in forbidding the offense." *Id*. at subsection (a)(3).

We conclude that, although Appellant "operated" his "vehicle" in a "highway" or "trafficway" when he crossed the street, he did so for such a *de minimis* distance that the trial court erred in convicting Appellant of the DUI offenses. While the trial court reasonably inferred that Appellant operated his bicycle in a highway when he crossed the street, his doing so was for such a short distance that Appellant "did not actually cause or threaten the harm or evil sought to be prevented by the law defining the [DUI] offense or did so only to an extent too trivial to warrant the condemnation of conviction." *Id*. at Section 312(a)(2).

Accordingly, we vacate Appellant's DUI convictions, reverse his judgment of sentence, and remand for resentencing on Appellant's public drunkenness conviction.[5]

Convictions based on violation of 75 Pa.C.S. §§ 3802(a)(1), 3802(c), and 3802(d)(3) vacated. Judgment of sentence reversed. Case remanded for resentencing on public drunkenness conviction. Jurisdiction relinquished.

Judge Beck joins the memorandum.

_____

[5] In light of our disposition, we need not address Appellant's remaining issues.

Judge Olson concurs in result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/7/2025